# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1414V
### Filed: November 26, 2018
UNPUBLISHED

---

CHARLES THOMPSON,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Special Processing Unit (SPU);
Attorneys' Fees and Costs

---

*Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 3, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza vaccination on September 8, 2016. Petition at 1. On September 21, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 33.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 26, 2018, petitioner filed a motion for attorneys' fees and costs.  ECF No. 37.  Petitioner requests attorneys' fees in the amount of $46,294.20 and attorneys' costs in the amount of $1,930.63.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $48,224.83.

On October 29, 2018, respondent filed a response to petitioner's motion.  ECF No. 38.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On October 30, 2018, petitioner filed a reply.  ECF No. 39.  Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I.      Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees

and costs sought] at the time of the submission." *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

## II.    Discussion

### A.  Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209.

Billing records show that 3 attorneys and 7 paralegals worked on this case, with some billing less than one hour. This resulted in multiple reviews of the same records, orders and updating the same entries on files.  For example, the attorney's and the paralegals list 28 separate entries as reviewing court notifications of filings, totaling 5.1 hours of time.[3] Therefore, the undersigned reduces the request for attorneys' fees by **$456.40**, the total amount of the duplicated entries billed by the paralegals at the lower hourly rate.

### B.  Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates."  *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program."  *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 5.8 hours was billed by paralegals on tasks considered administrative including, receiving documents, forwarding correspondence, reviewing and organizing

---

[3] Examples of these entries include: January 1, 2018 (0.2 hrs AHH) "Review Scheduling Order." January 2, 2018 (0.2 hrs JLL) "Receive, review and process scheduling order. Update case deadlines", February 27, 2018 (0.1 hrs AHH) "Review Respondent's Status Report", February 27, 2018 (0.2 hrs) Receive and review Respondent's Status Report. Update case file notes.", June 1, 2018 (0.1 hrs AHH) "Review 240 day order", June 1, 2018 (0.2 hrs JLL) "Receive and review 240 day order" and June 18, 2018 (0.1 hrs AHH) "Review Ruling on Entitlement".  ECF No. 37-1 at 12 and 14-16.  JLL is paralegal Jennifer Lally. AHH is attorney Alison Haskins.  These entries are merely examples and are not exhaustive.

the client file, and mailing documents.[4] Therefore the undersigned reduces the request for attorneys' fees by **$725.00**, the total amount of the entries considered administrative.

### III.   Attorney Costs

Petitioner requests reimbursement for costs incurred by Maglio, Christopher & Toale in the amount of $1,930.63.  ECF No. 37 at 1.  After reviewing the billing invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

### IV.   Conclusion

Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $47,043.43[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Alison H. Haskins.  Petitioner requests check be forwarded to Maglio, Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[6]


**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] Examples of these entries include February 2, 2017 (0.2 hrs) "Receive, review and process billing records from Lee memorial for completeness. Update file", May 11, 2017 (0.1 hrs) "Review, prepare and finalize exhibits per attorney direction", June 14, 2017 (0.1 hrs) Receive and review billing records from Fyzical Therapy & Balance Center", June 19, 2017 (0.4 hrs) Receive image3s of MRUI from Florida Radiology on compact disc" and October 24, 2017 (0.2 hrs) "Receive, review and process client's executed Affidavit".  ECF No. 37-1 at 2, 4, 6,11.

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.